Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GEMINA, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF:** |
| ESTATE INFORMATION SERVICES, LLC; DOES 1-100, AND EACH OF THEM. | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| Defendant(s). | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| | 3. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE §1788 ET SEQ.] |
| | **DEMAND FOR JURY TRIAL** |

///

Plaintiff DAVID GEMINA ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.    Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of ESTATE INFORMATION SERVICES, LLC ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.  Ancillary to the claims above, Plaintiff  further alleges claims for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices

## JURISDICTION & VENUE

2.    Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in Ohio state.  Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the Central District of California.

**PARTIES**

4.      Plaintiff, David Gemina ("Plaintiff"), is a natural person residing in Moreno Valley, California and is a "person" as defined by *47 U.S.C. § 153 (10),* and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

5.      Defendant, Estate Information Services, LLC ("Defendant"), is a business that loans money to consumers and is a "person" as defined by *47 U.S.C. § 153 (10).* Further, Defendant was   a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due to Defendant, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

**FACTUAL ALLEGATIONS**

6.      At various and multiple times prior to the filing of the instant Complaint, including within the one year preceding the filing of this Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.      Beginning in and around September 2015 Defendant contacted Plaintiff on his cellular telephone in an attempt to collect an alleged outstanding debt.

8.      Defendant was calling Plaintiff on his cellular telephone number.

9.      Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect the debt allegedly owed.

11.      Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A).*

12.      Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1).*

13.      Defendant's actions resulted in false and deceptive acts toward the

Plaintiff. Defendant made the Plaintiff, at all relevant times, believe that legal action would be instituted against Plaintiff and that failure to heed the threats of legal action would result in the taking of Plaintiff's property.

14. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*. Moreover, after the first call, Plaintiff expressly informed Defendant to stop calling his cellular telephone number.

15. § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k or, Title 15 of the United States Code statutory regulations contained within the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d, and § 1692d(5).

16. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

a) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§ 1692c(a)(1));

c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d);

17.   Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

18.   As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ALLEGATIONS

19.   Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

20.   Plaintiff represents, and is a member of, The Class, consisting of All

persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

21. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

22. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

23. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

24. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this

Complaint, Defendant made any collection call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b.    Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

    c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

25.    As a person that received numerous collection calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

26.    Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

27.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class  members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

28.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

29.    Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

30.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

31.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

32.    As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

33.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection

### Act

### 47 U.S.C. §227 et seq.

34.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

35.    The foregoing acts and omissions of Defendant constitute numerous

1  and multiple knowing and/or willful violations of the TCPA, including but not

2  limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et*

3  *seq.*

4      36.    As a result of Defendant's knowing and/or willful violations of *47*

5  *U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of

6  $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C.*

7  *§ 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

8      37.    Plaintiff and the Class members are also entitled to and seek

9  injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### Violations of the Rosenthal Fair Debt Collection Practices Act

### Cal. Civ. Code § 1788 et seq.

38.    Plaintiff repeats and reincorporates by reference into this cause of

action allegations set forth above at paragraphs 1-37.

39.    To the extent that Defendant's actions, counted above, violated the

RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

- As a result of Defendant's negligent violations of *47 U.S.C.*
  *§227(b)(1),* Plaintiff and the Class members are entitled to and
  request $500 in statutory damages, for each and every violation,
  pursuant to *47 U.S.C.  227(b)(3)(B)*.

1 • Any and all other relief that the Court deems just and proper.

2 ## SECOND CAUSE OF ACTION

3 **Knowing and/or Willful Violations of the Telephone Consumer Protection**

4 **Act**

5 **47 U.S.C. §227 et seq.**

6 • As a result of Defendant's willful and/or knowing violations of *47*

7 *U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to

8 and request treble damages, as provided by statute, up to $1,500, for

9 each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and

10 *47 U.S.C. §227(b)(3)(C).*

11 • Any and all other relief that the Court deems just and proper.

12 ## THIRD CAUSE OF ACTION

13 **Violations of the Rosenthal Fair Debt Collection Practices Act**

14 **Cal. Civ. Code § 1788 et seq.**

15

16 WHEREFORE, Plaintiff respectfully prays that judgment be entered

17 against Defendant for the following:

18

19 A.    Actual damages;

20 B.    Statutory damages for willful and negligent violations;

21 C.    Costs and reasonable attorney's fees,

22 ///

23 ///

24 ///

25 ///

26 ///

27 D.    For such other and further relief as may be just and proper.

28

1    Respectfully Submitted this 10th day of February 2016.

2

3                    LAW OFFICES OF TODD M. FRIEDMAN, P.C.

4

5                        By:   /s/ Todd M. Friedman
                                Todd M. Friedman
6                               Law Offices of Todd M. Friedman
                                Attorney for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28